IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

RECEIVED

2007 AUG 15 P 12: 42

| | |
|---|---|
| DONNA McLENDON, | |
| Plaintiff, | |
| v. | Civil Action No. 2.07CV-734-MH |
| DANIEL MOTOR COMPANY, INC., | |
| JIMMY A. DANIEL, | |
| KRISTY McCANN, | DEMAND FOR JURY TRIAL |
| and | |
| JESSICA McCANN, | |
| Defendants. | |

## COMPLAINT

This action is brought by Donna McLendon seeking damages from the defendants, who are involved in the business of selling used automobiles, because of their failure to provide her with certain important information in connection with her purchase of a used car from them in violation of the Federal Motor Vehicle Information and Cost Savings Act (commonly referred to as the Federal Odometer Act), 49 U.S.C. §32701 *et seq.* In addition, the defendants violated the Alabama Deceptive Trade Practices Act, Code of Alabama, §8-19-1 *et seq.*, by deliberately concealing the existence of a history of serious mechanical problems in the car Ms. McLendon purchased.

For her claims under the Federal Odometer Act, Ms. McLendon seeks statutory damages

of $1,500 from each defendant or three times her actual damages, whichever is greater, as

provided by 49 U.S.C. §32710(a). For her claims under the Alabama Deceptive Trade Practices

Act, Ms. McLendon seeks statutory damages of $100 from each defendant or three times her

actual damages, whichever is greater, as provided by the Code of Alabama, §8-19-10(a). Ms.

McLendon also seeks her costs and attorney's fees in this action.

## Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Federal Motor

Vehicle Information and Cost Savings Act (commonly known as the Federal Odometer Act)

under 49 U.S.C. §32710 and under 28 U.S.C. §§1331 and 1337.

2. This Court has supplemental jurisdiction to hear the plaintiff's state law claims under

28 U.S.C. §1367(a).

3. Venue is proper in the Middle District of Alabama because "a substantial part of the

events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b).

## Parties

4. The plaintiff, Donna McLendon, is a citizen of the State of Alabama residing in

Wetumpka, Alabama.

5. Defendant Daniel Motor Company, Inc. (hereafter, "Daniel Motor") is a corporation

chartered by the State of Alabama with its principal place of business located in Montgomery

County, Alabama. Daniel Motor is engaged in the business of selling automobiles to the public.

6. Defendant Jimmy A. Daniel is a natural person who resides in or near the City of

Montgomery, Alabama. On information and belief, Mr. Daniel owns and operates Daniel Motor

Company, Inc.

7. Defendants Kristy McCann and Jessica McCann are natural persons who reside in or near the City of Montgomery, Alabama. They are employees of Daniel Motor Company, Inc.

### Statement of Facts

8. On or about September 18, 2006, the plaintiff, Donna McLendon, bought a 1996 Olds 88 automobile (Vehicle Identification Number 1G3HN52K9T4818792) (hereafter, "the Olds 88") from defendant Daniel Motor.

9. The purchase price Ms. McLendon agreed to pay to Daniel Motor for the Olds 88 was approximately $5,250.

10. Ms. McLendon paid the sum of $500 as a cash down payment at the time of the sale.

11. The balance due to Daniel Motor after deduction of Ms. McLendon's down payment was $4,759.32.

12. Ms. McLendon financed the payment of this amount through a loan from Daniel Motor at an interest rate of 29.00%. Ms. McLendon agreed to make monthly payments of $280.00 for 22 months and a final payment of $42.67.

13. At some time subsequent to the sale, Daniel Motor assigned its right to receive payments on the car loan to Imperial Finance Company, Inc.

14. Imperial Finance Company, Inc. (hereafter, "Imperial Finance") is a corporation chartered under the laws of the State of Alabama with its principal place of business located in the City of Montgomery, Alabama, immediately next to the offices of Daniel Motor. Imperial Finance is engaged in the business of loaning money to purchasers of motor vehicles.

15. On information and belief, defendant Jimmy A. Daniel is the owner and chief

3

executive officer of Imperial Finance.

16. Ms. McLendon purchased the Olds 88 for her personal, family and household use.

17. In connection with this sale, the defendants did not show Ms. McLendon the existing title certificate of the Olds 88.

18. In connection with this sale, the defendants did not have Ms. McLendon sign or print her name on the existing title certificate of the Olds 88.

19. In connection with this sale, the defendants did not show Ms. McLendon the existing title certificate of the Olds 88 with information setting forth the odometer reading at the time of the transfer; the date of the transfer; the transferor's name and current address; the transferee's name and current address; or the identity of the vehicle, including its make, model, year, and body type, and its vehicle identification number.

20. If the defendants had shown Ms. McLendon the existing title certificate, then she could have learned the name and address of the Olds 88's previous owner.

21. The Olds 88's previous owner had purchased the Olds 88 from Daniel Motor on or about January 26, 2006.

22. The defendants repossessed the Olds 88 from its previous owner on or about April 26, 2006.

23. Prior to the date on which Ms. McLendon bought the Olds 88, it had had serious mechanical problems which significantly impaired its value.

24. The previous owner of the Olds 88 knew about some or all of its serious mechanical problems.

25. Prior to the sale of the Olds 88 to Ms. McLendon, the defendants knew about its serious mechanical problems.

4

26. At no time did any of the defendants disclose to Ms. McLendon the fact that the Olds 88 had a history of serious mechanical problems.

27. If the defendants had disclosed the fact that the Olds 88 had a history of serious mechanical problems to Ms. McLendon, she would not have bought it from Daniel Motor.

28. If Ms. McLendon had spoken with the previous owner of the Olds 88 prior to purchasing it from Daniel Motor, she would have learned of the car's serious mechanical problems.

29. The defendants knew that if Ms. McLendon had spoken with the previous owner of the Olds 88 prior to purchasing it from Daniel Motor, she might have learned of the car's serious mechanical problems.

30. The defendants did not want Ms. McLendon to speak with the previous owner of the Olds 88 prior to purchasing it from Daniel Motor, because they did not want her to learn that it had a history of serious mechanical problems.

31. Ms. McLendon did not, in fact, learn the identity of or speak with the previous owner of the Olds 88 prior to purchasing it from Daniel Motor.

32. On or about September 19, 2006, the day after Ms. McLendon bought the Olds 88, she was unable to get it started.

33. Later that day, Ms. McLendon called Daniel Motor to report that the car would not start.

34. As a result of Ms. McLendon's call, someone from Daniel Motor went to her home and towed the Olds 88 to the Daniel Motor lot in Montgomery.

35. The next day, Ms. McLendon went to the Daniel Motor lot to pick up the Olds 88.

36. Agents of Daniel Motor advised Ms. McLendon that the gauge which showed the

5

amount of gasoline in the tank was not working properly and that a part needed to be replaced. They advised her that it would about a week to get the part to do the repair. They advised Ms. McLendon that she could take the car and drive it, but that she would have to be careful not to run out of gas due to the fact that the gauge did not show the correct amount of gas remaining in the gas tank.

37. On or about October 18, 2006, members of Ms. McLendon's family drove the Olds 88 to Daniel Motor's place of business for the purpose of having agents of Daniel Motor make the necessary repairs to it.

38. While agents of Daniel Motor were in the process of examining the Olds 88, the engine suddenly stopped running and would not start again.

39. The agents of Daniel Motor who were working on the Olds 88 did not continue to work on or attempt to repair the Olds 88 after it stopped running.

40. Instead, after the Olds 88 stopped running, agents of Daniel Motor instructed Ms. McLendon that she would have to remove it from their property.

41. The Olds 88 would not start or run, and so in order for it to be moved, it had to be towed.

42. Ms. McLendon arranged for the Olds 88 to be towed away.

43. The Olds 88 has been undriveable since it was towed away from Daniel Motor on or about October 18, 2006.

44. Ms. McLendon made one monthly payment of $280.00 on her car loan for the Olds 88.

45. As a result of the fact that the Olds 88 could not be driven or used as a car, Ms. McLendon made no further monthly payments on her car loan after making the first payment.

46. On or about January 23, 2007, Imperial Finance filed a lawsuit against Ms. McLendon in the Elmore County District Court seeking a judgment for the balance due for the Olds 88 under the contract of sale between Ms. McLendon and Daniel Motor.

47. On or about May 16, 2007, judgment was entered against Ms. McLendon in the Elmore County lawsuit by agreement of the parties in the amount of $5,700.

48. As a result of the actions of the defendants, as described above, Ms. McLendon has suffered financial damages as follows:

| | | |
|---|---:|---:|
| Down Payment on Olds 88 | $ | 500.00 |
| One monthly payment | | 280.00 |
| Judgment entered in Elmore County lawsuit | | 5,700.00 |
| Court costs in Elmore County lawsuit | | 210.00 |
| Towing charges | | 160.00 |
| | | |
| Total | $ | 6,850.00 |

49. In addition, Ms. McLendon is paying interest on the Elmore County District Court judgment at the rate of 12% per year.

50. As a further result of the actions of the defendants, Ms. McLendon has suffered from emotional distress, anger, humiliation, stress, and a sense of helplessness and frustration.

**First Cause of Action:  Federal Odometer Act**
**49 U.S.C. §32701 et seq.**

All the foregoing allegations are incorporated here and made part of this First Cause of

Action as if fully set forth.

51.  Under the Federal Motor Vehicle Information and Cost Savings Act (hereafter "the

Federal Odometer Act"), 49 U.S.C. §32701 *et seq.*, any person transferring ownership of a motor

vehicle to another person is required to disclose to that person, in writing, at the time of the

transfer, certain information about the vehicle, including the cumulative mileage registered on

the vehicle's odometer, the vehicle's make, model and vehicle identification number and certain

information about the transferor and the transferee.  49 U.S.C. §32705(a)(1).  The Secretary of

the United States Department of Transportation is authorized to issue regulations specifying the

way this information is to be disclosed.  Id.

52.  Under the regulations of the Secretary of the Department of Transportation, the

information required to be disclosed in the sale of a used motor vehicle, as described above, is

required to be disclosed by placing it on the vehicle's existing certificate of title and showing that

certificate of title to the purchaser.  49 C.F.R. §580.5(c).  In addition, the place where this

information is placed is required to be signed by both the transferor and the transferee.  Id.;  49

C.F.R. §580.5(f).

53.  The defendants failed to show Ms. McLendon the Olds 88's certificate of title at the

time she purchased the Olds 88 from them.

54.  The defendants failed to have Ms. McLendon sign the Olds 88's certificate of title in

the place appropriate for a purchaser of that car at the time she purchased the Olds 88 from them.

55.  The defendants failed to provide disclosures in the manner required by the Federal

Odometer Act, as described above, with intent to defraud Ms. McLendon, in that they wished to

8

conceal from her the fact that the Olds 88 had a history of serious mechanical problems and to

that end they wished to prevent her from contacting the Olds 88's previous owner.

56. If Ms. McLendon had learned of the Olds 88's history of serious mechanical

problems, she would not have agreed to purchase it from the defendants.

57. As a result of purchasing the Olds 88 from the defendants, Ms. McLendon suffered

both financial damages and emotional distress, as described in this Complaint.

58. Under the provisions of the Federal Odometer Act, any person "that violates this

[Act] or a regulation prescribed or order issued under this [Act], with intent to defraud, is liable

for 3 times the actual damages or $1,500, whichever is the greater." 49 C.F.R. §32710(a).

59. The defendants are liable to Ms. McLendon for an amount equal to three times her

actual damages or $1,500, whichever is greater, because of their violation of the requirements of

the Federal Odometer Act, as described above.  They are also liable to her for her costs and

attorney's fees in this action.  49 U.S.C. §32710(b).

### Second Cause of Action:  Alabama Deceptive Trade Practices Act
### Code of Alabama, §8-19-1, et seq.
### Concealment of Mechanical Problems with Car

All the foregoing allegations are incorporated here and made part of this Second Cause of

Action as if fully set forth.

60. The Olds 88 had a history of serious mechanical problems at the time the defendants

sold it to Ms. McLendon.

61. The defendants knew, at the time that they sold the Olds 88 to Ms. McLendon that it

had a history of serious mechanical problems.

62. The defendants knew, at the time that they sold the Olds 88 to Ms. McLendon, that

information about the car's history of mechanical problems was information that Ms. McLendon, or any buyer, would need in order to make a decision about whether to purchase that car.

63. Knowing that Ms. McLendon needed information about the Olds 88's history of serious mechanical problems in order to make a decision about whether to purchase that car, the defendants nevertheless failed to provide her with this important information.

64. If Ms. McLendon had known that the Olds 88 had a history of serious mechanical problems, she would not have agreed to buy it from the defendants.

65. As a result of the actions of the defendants in concealing from Ms. McLendon the fact that there was a history of serious mechanical problems with the Olds 88, she suffered monetary damage and emotional distress, as described in this Complaint.

66. The defendants, in concealing the fact that there was a history of serious mechanical problems with the Olds 88 from Ms. McLendon at the time that they were trying to sell her that car, acted in violation of the Alabama Deceptive Trade Practices Act (hereafter, "Alabama DTPA"), §8-19-1 et seq., in that they

(a) represented that the Olds 88 had characteristics, uses, benefits and qualities that it did not have, Code of Alabama, §8-19-5(5);

(b) represented that the Olds 88 was of a particular quality, when it was actually of an inferior quality, Code of Alabama, §8-19-5(7);

(c) knowingly made "false or misleading statements of fact concerning the [Olds 88's] need for parts, replacement, or repair service," Code of Alabama, §8-19-5(13); and

(d) engaged in "unconscionable, false, misleading and deceptive acts or practices in the conduct of trade or commerce," Code of Alabama, §8-19-5(27).

67. Because of their violations of the Alabama DTPA, the defendants are liable to Ms.

10

McLendon in the amount of $100 or three times her actual damages suffered as a result of their actions, whichever is greater.  They are also liable for her costs and attorney's fees in this action. Code of Alabama, §8-19-10(a).

### Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

### Prayer for Relief

WHEREFORE, for the reasons stated above, the plaintiff, Donna McLendon, by counsel, hereby asks that this Court

1.  With regard to her claims under the Federal Odometer Act, award her $1,500 from each defendant or three times her actual damages, whichever is greater;

2.  With regard to her claims under the Alabama Deceptive Trade Practices Act, award her $100 from each defendant or three times her actual damages, whichever is greater;

3.  Award her costs and attorney's fees in this action;  and

3.  Grant her such other and further relief as to this Court shall seem just and proper.

Respectfully submitted,

DONNA McLENDON
Plaintiff
By Counsel

Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000148
Cashier ID: brobinso
Transaction Date: 08/15/2007
Payer Name: EDWARD M WAYLAND
-----------------------------------
CIVIL FILING FEE
 For: EDWARD M WAYLAND
 Case/Party: D-ALM-2-07-CV-000734-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1255
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

MCLENDON V. DANIEL MOTOR CO ET AL
```