IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DONNA MCLENDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO. 2:07-CV-00734-MHT-CSC |
| ) | |
| DANIEL MOTOR COMPANY, INC., ) | |
| JIMMY A. DANIEL, KRISTY ) | |
| MCCANN and JESSICA MCCANN, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

COMES NOW the Defendants, acting by and through their attorney of records, and files this their motion to dismiss the complaint and all counts thereof filed by the Plaintiff, Donna McClendon. In support of said motion to dismiss and as grounds therefore, the Defendants would show the court as follows:

1.  The complaint fails to state a claim upon which relief can be granted as against Defendant, Daniel Motor Company, Inc., a corporation. First of all, the complaint should be dismissed because the Plaintiff entered in to an agreement requiring binding arbitration of any dispute regarding the sale of the vehicle. A copy of the said agreement signed by Plaintiff, Donna McLendon, on September 18, 2006, at the time the used vehicle was purchased, is attached hereto and made a part hereof as Exhibit "1."

2.  The vehicle in question was sold without warranty or recourse in a "AS IS" condition. A copy of the form signed by Plaintiff, Donna McLendon, acknowledging that she was taking possession of the vehicle in that condition and a copy of a form indicating the vehicle was being purchased without warranty or recourse are attached hereto as Exhibits "2" and "3", respectively.

3. The complaint contains allegations which are unsupported by fact, affidavit, and constitute gross hearsay. Specifically, for example, in paragraph 24 of the complaint, Plaintiff claims "the previous owner of the Olds 88 knew about some or all of its serious mechanical problems." Irrespective of the mechanical condition of the vehicle, Plaintiff purchased the vehicle in an as is condition without warranty or recourse and was put on clear and obvious notice that she was taking the vehicle in its condition with no representations and warranty whatsoever.

4. Plaintiff claims that the Defendants refused to show Plaintiff the original Certificate of Title issued by the State of Alabama as to the previous owner of the vehicle. Defendants would claim that applicable federal and state privacy laws prevent Defendants from sharing such information with the Plaintiff or showing or revealing said documentation to her without the prior written consent of the former owner, which Plaintiff did not have.

5. Defendants, Kristy McCann and Jessica McCann, have no relationship to this transaction other than being employees of Daniel Motor Company, Inc., a corporation, and have no responsibility to Plaintiff under any theory alleged in her lawsuit.

6. All of Plaintiff's claims are subject to binding arbitration which would preempt the jurisdiction of this court based on the agreement of the parties entered in to at the time of the commercial transaction.

WHEREFORE, THE PREMISES CONSIDERED, Defendants respectfully move the court to dismiss this action for the reasons set forth herein.

Respectfully submitted,

PARNELL & CRUM, P.A.

BY:   /s/ Charles N. Parnell, III
       CHARLES N. PARNELL, III (PAR016)
       Attorney for Defendants

OF COUNSEL:
Parnell & Crum, P.A.
PO Box 2189
Montgomery, AL  36102-2189
334/832-4200

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing motion was served on the below listed party of record by electronic mail or by placing a copy of same in the United States Mail, postage prepaid and properly addressed this the __10th__ day of September, 2007.

    Hon. Edward M. Wayland
    Attorney for Plaintiff
    Post Office Box 17
    Montgomery, Alabama 36101

                                           /s/ Charles N. Parnell, III
                                           OF COUNSEL

# BINDING PRE-DISPUTE ARBITRATION AGREEMENT

In connection with the undersigned's acquisition or attempted acquisition of the below described vehicle, by lease, purchase or otherwise, the undersigned and the Dealer stipulate and agree, in connection with the resolution of any dispute arising out of, relating to, resulting from or concerning all alleged representations, promises and covenants, and arising out of, relating to, resulting from or concerning the contract(s) and agreements entered into by the parties and relationships resulting therefrom, as follows: That the manufacture, transportation, sale and use of the below described vehicle is regulated by laws of the United States of America; and, that the contract(s) and agreements entered into by the parties concerning said vehicle evidence transactions substantially involving and affecting interstate commerce sufficiently to invoke the application of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. The undersigned agree that all disputes not barred by applicable statutes of limitations, resulting from or arising out of or relating to or concerning the transaction entered into or sought to be entered into (including but not limited to: any matters taking place either before or after the parties entered into this agreement, including any prior agreements or negotiations between the parties; the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties; the past, present and future condition of the vehicle at issue; the conformity of the vehicle to any contract description; the representations, promises, undertakings, warranties or covenants made by Dealer, or otherwise dealing with the vehicle; any lease terms or the terms of credit and/or financing in connection therewith; any terms or provisions of any insurance sought to be purchased or purchased simultaneously herewith; any terms or provisions of any extended service contract sought to be purchased or purchased simultaneously herewith; and all claims or disputes as to any body and/or mechanical repair heretofore made, now or hereafter made to the vehicle) shall be submitted to **BINDING ARBITRATION**, pursuant to the provisions of 9 U.S.C. §1, et seq. and according to the Commercial Dispute Resolution Procedures and/or Consumer Protocol (depending on the amount in controversy) of the American Arbitration Association (the AAA) then existing in the County where the Dealer maintains its principal place of business, except as follows: (a) In all disputes in which the matter in controversy (including compensatory and punitive damages and fees and costs) is more than $10,000 but less than $75,000.00, the parties shall arbitrate in accordance with the AAA's Consumer Protocol. In all disputes in which the matter in controversy (including compensatory and punitive damages and fees and costs) is $75,000.00 or more, the Dealer and the customers shall select one arbitrator from a list of at least 5 suitable arbitrators supplied by the AAA in accordance with and utilizing the AAA strike method. (b) An arbitrator so selected shall be empowered to enter an award of such damages, fees and costs, and grant such other relief, as said arbitrator or arbitrators deem(s) just and proper. If, for any reason, the AAA fails or refuses to administer any dispute presented to them by any party to this Agreement, then the arbitration shall be administered by the Better Business Bureau servicing the location where the Dealer is located, and under its administrative rules. Any party to this agreement who fails or refuses to arbitrate in accordance with the terms of this agreement shall, in addition to any other relief awarded, be taxed by the arbitrator or arbitrators with the costs, including reasonable attorney's fees, of any other party who had to resort to judicial or other relief in compelling arbitration. In the event the Dealer and the undersigned have entered into more than one arbitration agreement concerning any of the matters identified herein, the undersigned and the Dealer agree that the terms of this arbitration agreement shall control disputes between them. Any provision in this Agreement found to be in conflict with any procedure promulgated by the AAA which shall affect its administration of disputes hereunder, shall be considered severed herefrom. With respect to the process of arbitration under the AAA Commercial Rules or Consumer Protocol, the undersigned and Dealer expressly recognize that the rules and protocol and the terms of this agreement adequately protect their abilities to fully and reasonably pursue their respective statutory and other legal rights. NOTE: This agreement is not intended to require arbitration of disputes brought by any party to this agreement in the state district courts of Alabama, provided that the relief sought therein or as a result thereof, including compensatory and punitive damages and fees and costs, does not exceed $10,000.00. The parties stipulate that either party's participation in proceedings in Alabama state district courts shall not operate as a waiver of any right to compel binding arbitration upon appeal from said district courts. This agreement shall survive any termination, cancellation, fulfillment or non-fulfillment of any other contract, covenant or agreement related to the vehicle described below, including, but not limited to cancellation due to lack of acceptable financing or funding of any retail installment contract or lease. Any provision herein found to adversely affect the enforcement of this agreement shall be considered severed from the remaining provisions herein, provided that such severance does not prevent the arbitration of the disputes described herein. Further information about arbitration can be obtained directly from the AAA, Atlanta, Georgia, by calling the AAA at 404/325-0101 or from a review of AAA's Commercial Dispute Resolution Procedures and Consumer Protocol, a copy of which is available without charge for review from the AAA. **THE UNDERSIGNED HAVE AGREED TO WAIVE THE UNDERSIGNED(S)' RIGHT TO A TRIAL BY JUDGE OR JURY IN ALL DISPUTES OVER $10,000.00 AND THAT ARBITRATION SHALL BE IN LIEU OF ANY CIVIL LITIGATION IN ANY COURT AND IN LIEU OF ANY TRIAL BY JUDGE OR JURY FOR ALL CLAIMS OVER $10,000.00. THE TERMS OF THIS AGREEMENT AFFECT YOUR LEGAL RIGHTS. IF YOU DO NOT UNDERSTAND ANY PROVISION OF THIS AGREEMENT OR THE COSTS, ADVANTAGES OR DISADVANTAGES OF ARBITRATION, SEEK INDEPENDENT ADVICE AND/OR REVIEW THE WRITTEN CONSUMER AND/OR COMMERCIAL DISPUTE RESOLUTION PROCEDURES AND PROTOCOLS AND/OR CONTACT THE AAA AT THE TELEPHONE NUMBER SHOWN ABOVE BEFORE SIGNING. BY SIGNING YOU ACKNOWLEDGE THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY EACH OF THE PROVISIONS, COVENANTS, STIPULATIONS AND AGREEMENTS SET FORTH AND REFERENCED HEREINABOVE.**

VEHICLE DESCRIPTION: _1996 Oldsmobile 88  1G3HN52K9T4818792_

_9.18.06_ DATE        _Donna McFenda_ CUSTOMER

_Daniel MTR Co Inc_ DEALER        _____ CUSTOMER

Rev. 8/04

[EXHIBIT 1]


EXHIBIT 2

# Daniel Motor Co.
## AS/IS Policy

## AS-IS MEANS AS-IS !! NO EXCEPTIONS !! NO REFUNDS !!

Please read and fully understand this paper before you sign it.
If you have ANY questions, please ask us now.

When you buy this vehicle "AS-IS", there is NO 5 minute return, there is NO 24 hour return, NO 10 days to give it back, NO time period that Daniel Motor Co. Inc. will fix ANYTHING on this vehicle, no nothing,
**IT IS YOURS.** You will be responsible for every repair and upkeep the minute that you sign these papers. Daniel Motor Co. Inc. will NOT fix anything on this vehicle after you sign these papers.

**Example:** If the motor blows up or the transmission tears up five minutes after you buy it or 5 years after you buy it, YOU will be 100% responsible for all the repairs. Daniel Motor Co. Inc. will not pay for or perform any repairs. **THAT IS WHAT "AS-IS" MEANS!!!!!!**
If you do not understand this fully or if you do not agree with this,
**DON'T BUY IT.**

Daniel Motor Co. Inc is giving you this paper to read and sign to make sure there is NO misunderstanding of what "as-is" really means. There are no special circumstances that will ever change this. YOU alone are fully responsible for the repairs and maintenance of the vehicle beginning as soon as you sign these papers.
Please do not call us and say that you just bought it and think that Daniel Motor Co. Inc. should fix it, **WE WON"T**. Again, as-is, means as-is.

## If you don't agree with this, don't buy it.

SIGNED _Donna McLendon_

DATE____/____/____

# BUYERS GUIDE

IMPORTANT: Spoken promises are difficult to enforce. Ask the dealer to put all promises in writing. Keep this form.

Oldsmobile    88    1996    1G3HN52K9T4819792
VEHICLE MAKE    MODEL    YEAR    VIN NUMBER

DEALER STOCK NUMBER (Optional)

WARRANTIES FOR THIS VEHICLE:

[X] **AS IS - NO WARRANTY**

YOU WILL PAY ALL COSTS FOR ANY REPAIRS. The dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle.

[ ] **WARRANTY**

[ ] FULL [ ] LIMITED WARRANTY. The dealer will pay ____% of the labor and ____ % of the parts for the covered systems that fail during the warranty period. Ask the dealer for a copy of the warranty document for a full explanation of warranty coverage, exclusions, and the dealer's repair obligations. Under state law, "implied warranties" may give you even more rights.

SYSTEMS COVERED:            DURATION:

None                       None

[ ] SERVICE CONTRACT. A service contract is available at an extra charge on this vehicle. Ask for details as to coverage, deductible, price, and exclusions. If you buy a service contract within 90 days of the time of sale, state law "implied warranties" may give you additional rights.

PRE PURCHASE INSPECTION: ASK THE DEALER IF YOU MAY HAVE THIS VEHICLE INSPECTED BY YOUR MECHANIC EITHER ON OR OFF THE LOT. X Donna McLendon

SEE THE BACK OF THIS FORM for important additional information, including a list of some major defects that may occur in used motor vehicles.

ITEM NO. F0129
SID SAVAGE AUTO DEALER SUPPLY, INC.