IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

**DONNA McLENDON,**

    **Plaintiff,**

v.

                                        Civil Action No.
                                      2:07-cv-734-MHT

**DANIEL MOTOR COMPANY, INC.,**
et al.,

    **Defendants.**

**PLAINTIFF'S MEMORANDUM IN RESPONSE
TO DEFENDANTS' MOTION TO DISMISS**

The Plaintiff, Donna McLendon, by counsel, hereby submits this memorandum in response to the motion to dismiss filed by the Defendants in the above-entitled action. For the reasons which follow, the Plaintiff agrees that Defendant Daniel Motor Company, Inc. may be dismissed at this time due to the existence of an arbitration agreement between that Defendant and the Plaintiff. The motion to dismiss should be denied, however with regard to all the remaining Defendants.

**I. Motion to Dismiss: The Standard**

As this Court has stated:

> In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v.*

>*Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), "only enough facts to state a claim to relief that is plausible on its face," *id.,* 127 S.Ct. at 1974.

*Wyatt v. Mortgage Electronic Registration Systems, Inc.*, 501 F.Supp.2d 1345, 1346 (M.D.Ala. 2007). *See Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1057 (11th Cir.2007). *Accord, Nelson v. Campbell,* 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true). Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985). *Siebert v. Allen*, 2007 WL 2903009, *3 (M.D.Ala. 2007).

Setting aside the question of arbitration, addressed below, the Plaintiff's complaint in this action easily meets this test.

## II. The Arbitration Agreement

The Defendants have argued that the Court should dismiss this action on the grounds that there is an arbitration agreement between the parties requiring disputes to be submitted to arbitration. Motion to Dismiss, ¶¶1, 6. They have submitted a copy of the arbitration agreement as Exhibit 1 to their motion.[1]

The Plaintiff agrees that she signed this arbitration agreement. Since Defendant Daniel Motor Company, Inc., has invoked its provisions, it would, therefore, be appropriate for the Court to dismiss further proceedings as to that Defendant at this time, without prejudice, pending the outcome of an arbitration proceeding.

---

[1] Because they are relying on evidence outside the Complaint, the Defendants' motion should be treated as a motion for summary judgment. Alternatively, the motion could be treated as a motion to stay the proceedings and compel arbitration under the Federal Arbitration Act, 9 U.S.C. §3.

A review of the arbitration agreement makes it clear, however, that Defendants Jimmy A. Daniel, Kristy McCann and Jessica McCann are not parties to that agreement; it only covers the dealer, Daniel Motor Company, Inc. They may not, therefore, seek to enforce it, unless they fit into certain narrow exceptions to this general rule. E.g., *Universal Underwriters Life Ins. Co. v. Dutton*, 736 So.2d 564, 568 (Ala.,1999) (arbitration agreement not enforced against non-signatories).

Courts have held that a non-signatory may enforce an arbitration agreement under the theory of equitable estoppel. The decision whether to permit a non-signatory to invoke an arbitration clause under the doctrine of equitable estoppel is within the discretion of the district court. *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000) (court should invoke equitable estoppel to prevent a situation that would "fly in the face of fairness"), quoted in *In re Humana Inc. Managed Care Litigation*, 285 F.3d 971, 976 (11th Cir. 2002). In *In re Humana*, the Eleventh Circuit said:

> . . . each case turns on its facts." *Hill v. G E Power Systems, Inc.,* 282 F.3d 343 (5th Cir.2002) (holding that district court did not abuse its discretion in declining to apply doctrine of equitable estoppel even though complaint alleged collusive scheme to defraud). In all cases, " 'the lynchpin for equitable estoppel is equity,' and the point of applying it to compel arbitration is to prevent a situation that 'would fly in the face of fairness.' " *Id.* at ----, 2002 WL 206335, (quoting *Grigson v. Creative Artists Agency, L.L.C.,* 210 F.3d 524, 527 (5th Cir.2000)). The purpose of the doctrine is to prevent a plaintiff from, in effect, trying to have his cake and eat it too; that is, from "rely[ing] on the contract when it works to [his] advantage [by establishing the claim], and repudiat[ing] it when it works to [his] disadvantage [by requiring arbitration]." *Tepper Realty Co. v. Mosaic Tile Co.,* 259 F.Supp. 688, 692 (S.D.N.Y.1966). ***The plaintiff's actual dependence on the underlying contract in making out the claim against the nonsignatory defendant is therefore always the sine qua non of an appropriate situation for applying equitable estoppel.***

285 F.3d at 976 (11th Cir. 2002) (emphasis added). The Eleventh Circuit cited with approval

this Court's decision in *Boyd v. Homes of Legend*, 981 F.Supp. 1423 (M.D. Ala. 1997),[1] in which this Court examined the issue of equitable estoppel in the arbitration context. This Court said:

> here the plaintiffs' warranty claims are not intertwined with and founded upon the sales installment agreements, except in the utterly collateral sense that if the plaintiffs had never purchased their mobile homes, they would not have been protected by the warranties that came with them. Unlike in the cases cited above applying equitable estoppel under the first scenario, here the court need not even read, let alone interpret or possibly enforce, the specific terms and conditions of the purchase contracts to fully adjudicate the plaintiffs' claims against Homes of Legend.

981 F. Supp. at 1433 (citations and quotation marks omitted).

In the present case, as in *Boyd*, the Plaintiff's claims do not rest on the terms of her contract with these defendants. On the contrary, they rest on the allegations that these Defendants violated duties they owed to her under the Federal Motor Vehicle Information and Cost Savings Act (commonly referred to as the Federal Odometer Act), 49 U.S.C. §32701 *et seq.*, and under the Alabama Deceptive Trade Practices Act, Code of Alabama, §8-19-1 *et seq.* These claims do not require this Court to evaluate or apply any of the terms of the contract of sale between Ms. McLendon and Daniel Motor. They are based on the obligations which these individual Defendants have to Ms. McLendon to act in accordance with certain statutory obligations. Because of this, the principle of equitable estoppel should not apply in this case to permit these Defendants to assert rights under an arbitration agreement which does not mention them and which they were not parties to.

---

[1] In *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268, (11th Cir. 2002), the Eleventh Circuit rejected the holding of *Boyd* that an arbitration clause could not be invoked to avoid litigation of a statutory claim, such as a claim under the Magnassun-Moss Warranty Act. The Eleventh Circuit subsequently expressed strong approval of *Boyd*'s analysis of the equitable estoppel issue, however, in *In re Humana*, cited in the text.

### III. The Fact that this was an "As Is" sale is not a defense to a Deceptive Trade Practices Act claim.

The Defendants argue that Ms. McLendon's claims should be dismissed, because this was an "as is" sale and that the vehicle was sold without warranty. Motion to Dismiss, ¶2. The Plaintiff agrees that this was an "as is" sale. As previously noted, however, the Complaint does not assert claims against the Defendants based on theories of breach of contract or breach of warranty. In addition, the Plaintiff has not stated a claim for fraud, which, in an "as is" sale, would likely fail. E.g., *Bagley ex rel. Bagley v. Creekside Motors, Inc.*, 913 So.2d 441, 444 (Ala. 2005).

The Plaintiff's claim, as stated in her Second Cause of Action, is a claim for violation of the Alabama Deceptive Trade Practices Act (DTPA), Code of Alabama, §8-19-1 *et seq.* As described in the Complaint, the basis of this claim is that the Defendants had actual knowledge that the car they sold Ms. McLendon had a history of serious mechanical problems and that they failed to tell her that. Complaint, ¶¶25-26. They also failed to disclose to her the name of the car's previous owner, someone who could have given Ms. McLendon important information about these problems. Complaint, ¶¶18-19. The Complaint alleges that if Ms. McLendon had known of the car's problems, she would not have bought it, Complaint, ¶27, and she would have avoided significant financial and other damages. Complaint.¶¶48-50.

The DTPA claim alleges that when the Defendants failed to disclose known defects in the car they sold to Ms. McLendon, they engaged in "unconscionable, false, misleading and deceptive acts or practices in the conduct of trade or commerce," which is prohibited by the DPTA, Code of Alabama, §8-19-5(27). There do not appear to be any Alabama cases construing the DPTA regarding this issue. Withholding material information has long been recognized, however, as a form of deception in a consumer transaction. As one court said over 50 years ago,

5

"To tell less than the whole truth is a well known method of deception." *P. Lorillard Co. v. Fed. Trade Comm'n*, 186 F.2d 52, 58 (4th Cir. 1950). Statutes similar to Alabama's DTPA in other states have regularly been read to authorize such a claim, even in an "as is" sale. E.g., *Robinson v. Preston Chrysler-Plymouth, Inc.*, 633 S.W.2d 500, 502 (Tex., 1982) (failure to disclose a material defect known to the seller is "deceptive" in "as is" sale); *Go For It, Inc. v. Aircraft Sales Corp.*, 2003 WL 21504600, at 4 (N.D.Ill.,2003) (same).

It makes sense that a higher standard should apply in a consumer sale such as this, given the differences in information, expertise, business sophistication and bargaining power inherent in the sale of a car by a dealer to a consumer. The DTPA itself makes clear that its purpose is to differentiate consumer sales from other kinds of transactions and to impose special, and stricter, rules on such transactions. In §8-19-2, headed "Legislative intent", the Act states:

> The public health, welfare and interest require a strong and effective consumer protection program to protect the interest of both the consuming public and the legitimate businessperson.

Placing the burden on the dealer to disclose known defects in such a setting is just common sense and simple fairness. The goals of protecting the public and of protecting the interests of the legitimate car dealer are furthered if a dealer can be held responsible for failing to disclose defects in a car which the dealer knows about and which the dealer knows are material. Those goals would be defeated if the dealer could commit a deceptive act, by concealing a known material defect in a car, and then insulate himself from liability through the use of an "as is" clause or other provision disclaiming responsibility.

For these reasons, the motion to dismiss the DPTA claims based on the existence of an "as is" clause in the contract of sale should be denied.

6

### IV. The remaining arguments offered by the Defendants in support of their motion to dismiss are without merit.

The Defendants argue that the Complaint should be dismissed because "The complaint contains allegations which are unsupported by fact, affidavit, and constitute gross hearsay." Motion to Dismiss, ¶3. As noted above, in evaluating a motion to dismiss, the Court accepts the plaintiff's allegations as true and construes the complaint in the plaintiff's favor. *Wyatt v. Mortgage Electronic Registration Systems, Inc*., 501 F.Supp.2d 1345, 1346 (M.D.Ala. 2007). A complaint contains allegations, not evidence. See, e.g., Rule 8, Federal Rules of Civil Procedure. This argument of the Defendants is basically a statement that they disagree with the allegations of the Complaint. Since these allegations are accepted as true for purposes of their motion to dismiss, this argument must be rejected.

The Defendants also take issue with the Plaintiff's complaint that they failed to show her the certificate of title of the previous owner of the car she bought. Motion to Dismiss, ¶4. They state that they were prohibited by "applicable federal and state privacy laws" from doing this. They do not provide any citation to such laws. In any case, the Federal Odometer Act and the implementing regulations of the United States Department of Transportation specifically require an automobile dealer to do precisely this. See 49 C.F.R. §§580.5(c), 580.5(f), cited in the Complaint in ¶52. This argument of the Defendants is also, therefore, without merit.

Finally, the Defendants argue that "Defendants, Kristy McCann and Jessica McCann, have no relationship to this transaction other than being employees of Daniel Motor Company, Inc., a corporation, and have no responsibility to Plaintiff under any theory alleged in her lawsuit." Motion to Dismiss, ¶5. The Defendants offer no evidence to support this argument, in the form of affidavits from these Defendants or otherwise. The Complaint clearly alleges that all the Defendants were involved in the acts complained of. E.g., Complaint, ¶¶53-55 (Odometer

7

Act claim); ¶¶61-63 (failure to disclose known defects). Such allegations are sufficient by themselves for purposes of a motion to dismiss.

In addition, both the Odometer Act and the DPTA apply to employees of a business who participate in violations of their provisions. For example under the Odometer Act, "any person" who conspires with another to violate the Act's disclosure requirements has violated the Act. 49 U.S.C. §§32703(4), 32705. In addition, an agent of a car owner who signs an odometer disclosure statement, as both Kristy McCann and Jessica McCann did in this case, may be found liable for violations of the Act's disclosure requirements the same as if they were the actual transferors. 49 C.F.R. §580.3 (definition of Transferor). Similarly, "any person" who commits one of the acts prohibited by the Alabama DTPA may be found liable for damages suffered as a result. Code of Alabama, §8-19-10(a).

The fact that these two defendants were employees of Defendant Daniel Motor does not, therefore, insulate them from liability for their actions if they acted in ways that are prohibited by the Odometer Act or the DPTA.

## Conclusion

For the reasons stated above, the Plaintiff, Donna McLendon, by counsel, asks this Court to deny the Defendants' Motion to Dismiss her claims against Defendants Jimmy A. Daniel, Kristy McCann and Jessica McCann. The Plaintiff agrees that it is appropriate for this Court to dismiss Defendant Daniel Motor Company, Inc. from this action, without prejudice, on the ground that claims against Daniel Motor must be pursued in arbitration.

> Respectfully submitted,
>
> DONNA McLENDON
> Plaintiff
> By Counsel

s/ *Edward M. Wayland*
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff

## CERTIFICATION

I hereby certify that a true copy of the foregoing Plaintiff's Memorandum in Response to the Defendants' Motion to Dismiss was filed electronically with the Court using the CM/ECF filing system on this 13th day of October, 2007, and that this Court will electronically deliver a copy to Charles N. Parnell, III, Esq., Parnell & Crum, P.A., P.O. Box 2189, Montgomery, AL 36102, counsel for Defendants.

> s/ *Edward M. Wayland*
> Edward M. Wayland