IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DONNA MCLENDON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO. 2:07-CV-00734-MHT-CSC |
| | ) |
| DANIEL MOTOR COMPANY, INC., | ) |
| JIMMY A. DANIEL, KRISTY | ) |
| MCCANN and JESSICA MCCAN, | ) |
| | ) |
| DEFENDANTS. | ) |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW the Defendants, acting by and through their attorney of record, and file this brief in support of their motion to dismiss filed on September 10, 2007. Upon further review of the applicable federal statutes involved in this action, defendants have become aware that the plaintiff's lone federal claim is due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted. Should that claim be dismissed, the defendants request this Honorable Court to use the discretionary powers granted by 28 U.S.C. 1367(c)(3) and dismiss this action entirely. The defendants offer the following in support thereof:

## STANDARD

When reviewing a motion to dismiss, the court must accept the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construe the complaint in the plaintiff's favor. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). Applying those principles, a plaintiff's claim is due to be dismissed if it fails to state a claim for which relief can be granted even when the allegations are taken as true.

A state law claim is actionable in federal court under 28 U.S.C. 1367 if that claim is part of the same case or controversy as a claim that is within the original jurisdiction of the same court. A court does however have the discretion to dismiss a claim entirely if the federal claims upon whose original jurisdiction the supplemental claim is based are dismissed from the action. 28 U.S.C 1367 (c)(3).

## ARGUMENT

In its complaint, the Plaintiff alleges a violation of the Federal Motor Vehicle Information and Cost Savings Act (commonly referred to as the Federal Odometer Act) under 49 U.S.C. §32701 and under 28 U.S.C. §§ 1331 and 1337. In particular, plaintiff alleges that the Defendant did not properly disclose certain information as required by the Act. The plaintiff correctly states that the Secretary of the United States Department of Transportation is the entity charged with setting the regulations and procedures for conveying this certain information. 49 U.S.C §32705(a)(1). The Plaintiff also correctly points out the disclosure requirements for the sale of a used vehicle. The transferor is generally required to place certain information on the certificate of title and then show the actual certificate of title to the transferee. 49 C.F.R. §580.5(c). However, plaintiff failed to mention the existence of certain vehicles that are exempt from this procedure.

The Federal Odometer Act expressly gives the Secretary of the USDOT the authority to exempt certain vehicles from these requirements. 49 U.S.C. 32705(a)(5). These exemptions take certain vehicles outside of the strict requirements of the Federal Odometer Act. One such exemption is "notwithstanding the requirements of Sections 580.5 and 580.7; a transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:

(3) A vehicle that was manufactured in a model year beginning at least ten years before January 1 of the calendar year in which the transfer occurs.

> Example to paragraph (a)(3): For vehicle transfers occurring during calendar year 1998, model year 1988 or older vehicles are exempt."

49 C.F.R. §580.17(a)(3)

In the present action, the third exemption applies. The plaintiff's alleged violation occurred on September 18, 2006. That is the date the vehicle was transferred to the plaintiff. The vehicle involved is a 1996 Oldsmobile 88. That being true, the vehicle was manufactured in a model year beginning at least ten years before January 1 of the calendar year in which the transfer occurred and is thus exempt from the disclosure requirements of the Federal Odometer Act.

## CONCLUSION

Accepting the plaintiff's allegations as true in this situation, Count I of the plaintiff's complaint is due to be dismissed. Dismissal of Count I leaves only an alleged violation of the Alabama Deceptive Trade Practices Act, which is a purely state court action. Therefore, the defendants respectfully request this Honorable Court to use its discretionary powers granted by 28 U.S.C. 1367(c)(3) to dismiss this entire action.

RESPECTFULL SUBMITTED THIS 20th DAY OF NOVEMBER, 2007.

                                                          _____
                                                          Charles N. Parnell, III
                                                          Attorney for Defendants
                                                          Attorney Code: PAR 016

Of Counsel:
PARNELL & CRUM, PA.
PO Box 2189
Montgomery, AL 36102-2189

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served on the below listed party of record by electronic mail or by placing a copy of the same in the United States Mail, postage prepaid and properly addressed this the 30th day of NOVEMBER, 2007.

Hon. Edward M. Wayland  
Attorney for Plaintiff  
Post Office Box 17  
Montgomery, Alabama 36101

                                                          _____  
                                                          OF COUNSEL