IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

**DONNA McLENDON,**

      **Plaintiff,**

**v.**
                                                                         **Civil Action No.**
                                                                         **2:07-cv-734-MHT**

**DANIEL MOTOR COMPANY, INC.,**
**et al.,**

      **Defendants.**

PLAINTIFF'S MEMORANDUM IN RESPONSE
TO DEFENDANTS' BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS

      This action was filed by the plaintiff on August 15, 2007, alleging that when she bought a used car from the defendants in the fall of 2006, they committed acts in violation of the Federal Motor Vehicle Information and Cost Savings Act (commonly referred to as the Federal Odometer Act), 49 U.S.C. §32701 *et seq.* and the Alabama Deceptive Trade Practices Act, Code of Alabama, §8-19-1 *et seq.* The defendants filed a motion to dismiss on September 11, 2007 (Document No. 6).[1]

      On September 28, 2007, this Court entered an Order setting the motion to dismiss for submission, without oral argument, on October 15, 2006. (Document No. 9.) All briefs from the parties were to be filed by that date. Id. On October 13, 2007, the plaintiff submitted a memorandum in opposition to the defendants' motion. (Document No. 14.) The defendants

---

[1] Although the defendants' motion does not state so explicitly, the plaintiff assumes this was a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

failed to file any briefs or other supporting documents by the deadline set by the Court.

Despite the deadline set by the Court, on November 26, 2007, the defendants filed a brief in support of their motion to dismiss. The defendants did not ask the Court, either before or after the deadline passed, for additional time within which to submit their brief. In addition, the defendants have failed to offer any explanation or justification for their failure to file this brief within the time specified by the Court. The plaintiff suggests, therefore, that the defendants' brief should be stricken by the Court and should not be considered in its evaluation of the defendants' motion to dismiss.

Even if the Court were to consider the arguments put forth in the defendants' brief, however, those arguments are based on an incorrect reading of the federal Odometer Act and its implementing regulations and do not justify dismissing the present action.

The plaintiff's Odometer Act claims are based on the failure of the defendants to provide the plaintiff certain information about the car by showing her the car's title certificate at the time of the sale. They also failed to have her sign the title certificate. They are required to do these things by the Odometer Act, 49 U.S.C. §32705(a)(1), and by certain regulations issued by the United States Department of Transportation implementing the Act, 49 C.F.R. §580.5(c) and §580.5(f).

The argument put forth by the defendants is that the regulations create an exemption for vehicles which are 10 years or more old, citing 49 C.F.R. §580.17(a)(3). Defendants' Brief at 2-3. Because the car involved in the present case was 10 years old, the defendants argue that they had no disclosure obligations under the Act and therefore the plaintiff's claims must be dismissed.

The plaintiff agrees that the car was 10 years old at the time that she bought it. The

defendants are wrong, however, to suggest that this exemption excuses them from complying with the disclosure requirements of the Odometer Act other than those relating to a disclosure of the car's mileage. The language of the exemption, as demonstrated by the quotation in the defendants' brief, applies only to disclosures of "the vehicle's odometer mileage." The regulation does not refer to or exempt the obligation of the dealer to disclose the car's make, model, vehicle identification number and information about the transferor and the transferee, all of which are also required by the Act. 49 U.S.C. §32705(a)(1).

Contrary to the argument presented by the defendants, the Complaint in this case does not rest on the failure to disclose the odometer mileage. It rests on the failure to disclose the other information required to be disclosed and on the failure to disclose that other information in the manner prescribed by the Transportation Department's regulations, i.e., by showing the plaintiff the car's title certificate and by having her sign it.

In *Owens v. Samkle Automotive, Inc.*, 425 F.3d 1318 (11th Cir. 2005), the Eleventh Circuit made it clear that the Odometer Act authorizes claims for violations other than violations related to the odometer disclosure.[1] In that case, the district court had granted a motion to dismiss because the plaintiff had failed to plead that the dealer's violation involved the odometer disclosure, although she had pled a number of other violations of the Act. Id. at 1320. The

---

[1] Some courts have ruled that a claim under the Odometer Act must involve an allegation that the disclosure of the odometer mileage itself was incorrect. *Ioffe v Skokie Motor Sales*, 414 F.3d 708 (7th Cir. 2005); *Locascio v. Imports Unlimited, Inc.,* 309 F.Supp.2d 267 (D.Conn. 2004); *Compton v. Altavista Motors, Inc.,* 121 F.Supp.2d 932 (W.D.Va.2000); *Hamilton v. O'Connor Chevrolet, Inc.,* WL 1403711, **9-10 (N.D.Ill. June 23, 2004). This approach was explicitly rejected by the Eleventh Circuit in *Owens*, which explained its reasoning at some length. 425 F.3d at 1321-1325. During that discussion, the court stated, among other things:

> . . . we disagree with the court in *Ioffe v Skokie Motor Sales,* 414 F.3d 708 (7th Cir. 2005) ("An *Odometer Act* claim that is brought by a private party and is based on a violation of *§ 580.5(c)* requires proof that the vehicle's transferor intended to defraud a transferee with respect to mileage."). We believe the Seventh Circuit failed to apply the statute's plain language, which unambiguously requires that a transferor of a motor vehicle disclose the actual mileage to the transferee *on the title*.

425 F.3d at 1321, n. 4 (emphasis added).

3

Eleventh Circuit reversed. The court noted that the buyer in that case was not shown the car's certificate of title and was not asked to sign that certificate, and that this is "required by the Odometer Act. See *49 U.S.C. § 32705(a) (2000)*; *49 C.F.R. § 580.5 (2000).*" The Court went on to say that

> The Transfer Forms were not the official, secured forms issued by the State of Florida as required by the *Odometer Act*, see *49 C.F.R. § 580.4 (2000)*, and did not contain certain mandatory disclosures. See id. *§ 580.5*. By having Owens sign the Transfer Forms, Marlin Mazda transferred ownership of the car to Owens without ever showing her the car's original title.

Id. The Court discussed at length the importance of the procedures established by the regulations and concluded that, under the plain meaning of the Act, a violation of these procedures can give rise to civil liability. 425 F.3d at 1321-1325. Among the goals of those procedures, the Court specifically noted the importance of allowing a purchaser to know the names of a car's previous owners:

> ". . . . Furthermore, consumers will learn the names of previous owners that appear on the title.") (quoting H.R. Rep. No. 99-833, at 18 (1986) (committee report for the Truth in Mileage Act of 1986, Pub. L. No. 99-579, 100 Stat. 3309 (1986), which modified the original federal odometer laws in the Motor Vehicle Information and Cost Savings Act of 1972, Pub. L. No. 92-513, §§ 401-13, 86 Stat. 947, 961-63)).

Id. at 1324. See also *Tuckish v. Pompano Motor Company*, 337 F.Supp. 3d 1313 (S.D. Fla. 2004) (failure to show purchaser certificate of title as part of sale violates Odometer Act requirements); *Yazzie v. Amigo Chevrolet, Inc.*, 189 F. Supp. 2d 1289 (D.N.M. 2001) (same).

      The plaintiff's Complaint in the present action alleges specifically that the defendants did not want her to learn the identity of the car's previous owner, because that person would have given the plaintiff information about the car's problems. Complaint, ¶¶20-31. This is information which would have been disclosed by an examination of the car's title certificate. As

noted above, one of the purposes of the Act and its implementing regulations is so that "consumers will learn the names of previous owners that appear on the title." Even if the defendants were not required to disclose the mileage of the car, because it was 10 years old, there is no regulation exempting them from the requirement to provide the plaintiff with other information relating to the car and to have her sign the car's certificate of title. The plaintiff has clearly alleged that they failed to do these other things, and the defendant has pointed to no provision of the Act or regulations which relieves then of their obligation to comply with these requirements.

The regulatory provisions identified by the defendants in their brief do not, therefore, support the dismissal of the plaintiff's Odometer Act claims.

## Conclusion

For the foregoing reasons, the plaintiff asks this Court to deny the defendants' motion to dismiss this action to the extent that their motion is based on the regulatory exemption identified in their Brief submitted on November 26, 2007. With regard to the other issues raised by the defendants' original motion, the plaintiff relies on her brief addressing that motion, previously submitted.

                                              Respectfully submitted,

                                              DONNA McLENDON
                                              Plaintiff
                                              By Counsel

s/ *Edward M. Wayland*
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 17
Montgomery, AL   36101
(334) 834-9901
(334) 264-8742 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff

## CERTIFICATION

I hereby certify that a true copy of the foregoing Plaintiff's Memorandum in Response to Defendants' Brief in Support of Their Motion to Dismiss was filed electronically with the Court using the CM/ECF filing system on this 5th day of December, 2007, and that this Court will electronically deliver a copy to Charles N. Parnell, III, Esq., Parnell & Crum, P.A., P.O. Box 2189, Montgomery, AL  36102, counsel for Defendants.

                                                                        s/ *Edward M. Wayland*
                                                                         Edward M. Wayland